IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JEROME WHITE ) | |
| ) | No: 13 CV 7914 |
| Plaintiff, ) | |
| ) | Judge Robert W. Gettleman |
| vs. ) | |
| ) | Magistrate Judge Young B. Kim |
| VILLAGE OF DOLTON and ) | |
| POLICE SERGEANT LEWIS ) | |
| LACEY #54 ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

NOW COME the Defendants, VILLAGE OF DOLTON ("the Village") and POLICE SERGEANT LEWIS LACEY #54 ("Sergeant Lacey"), by and through their attorneys, WIEDNER & McAULIFFE, LTD., and for their Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

**INTRODUCTION**

This Court should dismiss Plaintiff's Complaint for failure to state a claim for relief that is plausible on its face. Plaintiff purports to allege claims for false arrest and excessive force under Section 1983 against Sergeant Lacey and asserts an unidentified "state law claim" against the Village. However, Plaintiff's Complaint sets forth nothing more than mere labels and conclusions and is wholly insufficient under the pleading rules to state a plausible claim upon which relief can be granted. Therefore, Plaintiff's Complaint should be dismissed because it does not contain sufficient allegations to place the Defendants on notice of Plaintiff's claims against them.

1

## STATEMENT OF FACTS

On November 4, 2013, Plaintiff Jerome White filed a single-count Complaint against the Village and Sergeant Lacey. (Doc. 1). In the Complaint, Plaintiff alleges that this "is a civil action arising under 42 U.S.C. §1983." (Doc. 1 at ¶1). He alleges that he "brings a state law claim against the municipality," but does not identify the basis of his state law claim against the Village. (Doc. 1 at ¶3).

Plaintiff alleges that Sergeant Lacey was at all relevant times acting under color of his office as a police officer of the Village. (Doc. 1 at ¶4). He alleges that he sues Sergeant Lacey in his individual capacity. (Doc. 1 at ¶4). Plaintiff alleges that on July 11, 2013 at about 4:30 p.m., he was lawfully standing outside of his home in Dolton, Illinois, when Sergeant Lacey arrested him. (Doc. 1 at ¶5). He alleges that Sergeant Lacey did not have a lawful basis to arrest him, and that Lacey used excessive and unreasonable force in making the full custodial arrest. (Doc. 1 at ¶¶6-7).

Plaintiff alleges that after arresting him, Lacey caused him to be transported to the Dolton police station and charged with an ordinance violation. (Doc. 1 at ¶¶8-9). He alleges that Sergeant Lacey did not have a reasonable basis to cause him to be charged with any offense and filed the false charge to cover up his false arrest and use of excessive and unreasonable force. (Doc. 1 at ¶¶10-11).

Plaintiff alleges that as a result of the foregoing, he was deprived of rights secured by the Fourth Amendment to the Constitution of the United States and suffered personal injuries. (Doc. 1 at ¶12). Plaintiff requests that judgment be entered in his favor and against Sergeant Lacey in the amount of fifty thousand dollars as compensatory damages and one hundred thousand dollars

as punitive damages, and that the Court declare that the Village is liable, as the indemnifier, for any award of compensatory damages. (Doc. 1).

## ARGUMENT

To meet the pleading requirements of Rule 8(a)(2), a complaint must describe the plaintiff's claims with sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although factual allegations are accepted as true in ruling on a motion to dismiss, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion to dismiss. *Adams*, 742 F.3d at 728. Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* When ruling on a motion to dismiss, the court must review the complaint to determine whether it contains "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support liability for the wrongdoing alleged. *Id.* (quoting *Twombly*, 550 U.S. at 556).

Plaintiff's Complaint fails to describe his claims against Sergeant Lacey and the Village with sufficient detail to give the Defendants notice of his claims and the grounds upon which they rest. Plaintiff appears to assert claims against Sergeant Lacey under Section 1983 for false arrest and use of excessive force in violation of his Fourth Amendment rights. However, Plaintiff does not allege any facts to support his allegations, let alone sufficient facts to raise a

claim to relief that is plausible on its face. Instead, the Complaint contains mere conclusory allegations, which are insufficient to survive a Rule 12(b)(6) motion to dismiss.

For example, Plaintiff alleges that Sergeant Lacey unlawfully arrested him and caused him to be charged with an ordinance violation, but he does not allege any facts surrounding the alleged unlawful arrest or identify the ordinance violation with which he was charged. (Doc. 1 at ¶¶5-6). Plaintiff further generally alleges that Sergeant Lacey "used excessive and unreasonable force" without identifying any specific acts of excessive force, any specific injury or offering anything more than mere labels and conclusions. These threadbare allegations are "so sketchy or implausible that they fail to provide sufficient notice" of Plaintiff's claims. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *Winkfield v. City of Chicago*, 2013 U.S. Dist. LEXIS 151148, at **11-13 (N.D. Ill. Oct. 22, 2013) (finding that complaint failed to state a claim for excessive force where it only alleged that "[t]here was some degree of excessive force used" without identifying specific acts of excessive force or a specific injury); *Adams*, 742 F.3d at 728 (allegations in the form of legal conclusions and threadbare recitals of the elements of a cause of action are insufficient to state a claim). Therefore Plaintiff's Complaint against Sergeant Lacey should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint also fails to state a claim against the Village. Although he alleges that this action arises under Section 1983, Plaintiff avers that he "brings a state law claim" against the Village. (Doc. 1 at ¶¶1, 3). However, Plaintiff does not identify the basis of his purported state law claim against the Village and all of his allegations of wrongdoing are directed solely against Sergeant Lacey. Plaintiff is required to plead his claims with enough specificity to provide fair notice of what his claim is and the grounds upon which it rests. *E.g.,*

4

*Twombly*, 550 U.S. at 555. The Village should not be required to speculate as to Plaintiff's claims against it where the Complaint is wholly insufficient to put the Village on notice of the basis or grounds for his claim.

Despite the barebones allegations in the Complaint, it appears that it may be Plaintiff's intent to assert a claim against the Village for indemnification under the Illinois Tort Immunity Act. If this is the case, then Plaintiff's Complaint against the Village fails for the same reasons as his claims against Sergeant Lacey. *See Coles v. City of Chicago*, 361 F. Supp. 2d 740, 746 (N.D. Ill. 2005) (to establish a municipality's responsibility for indemnity under section 9-102 of the Illinois Tort Immunity Act, the plaintiff must first establish that the municipal employee is liable). Moreover, Plaintiff does not allege that Sergeant Lacey was acting within the scope of his employment with the Village at the time of the alleged wrongdoing, which is a required element of a claim for indemnification against a municipality under section 9-102 of the Illinois Tort Immunity Act. *Id.* (the municipal employee must be acting within the scope of his employment to hold the municipality responsible for indemnification). Finally, to the extent Plaintiff does attempt to assert a claim against the Village under Section 1983, the Complaint is insufficient because it does not contain any allegations that his alleged constitutional deprivations were caused by a municipal policy or custom, as is required to state a claim against a municipality under Section 1983. *E.g., Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) ("In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it.").

In sum, the conclusory allegations in Plaintiff's Complaint fail to raise a claim for relief that is plausible on its face. Accordingly, this Court should dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants, VILLAGE OF DOLTON and POLICE SERGEANT LEWIS LACEY #54, respectfully request that this Court enter an order dismissing Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and any further relief as the Court deems just and proper.

Respectfully submitted,

WIEDNER & McAULIFFE, LTD.

/s/ Richard J. Leamy, Jr.
Attorney for Defendants Village
of Dolton and Police Sergeant Lewis
Lacey #54

Richard J. Leamy, Jr. (ARDC No. 3122843)
J. Jason Coggins (ARDC No. 6242695)
Wiedner & McAuliffe, Ltd.
One North Franklin Street, Suite 1900
Chicago, Illinois 60606
(312) 855-1105
rjleamy@wmlaw.com; jjcoggins@wmlaw.com